DRAKE, Oh. J.,
delivered the opinion of the court:
The claimants, in November and December, 1864, and January, 1865, were employed by the.prize commissioners of the district court of the United States for the southern district of New York to perform certain work and labor iu weighing' and gauging portions of the cargoes of five different prize steamers; and the whole amount of their charges therefor was $1,379.80.
All of said vessels were condemned and sold as lawful prize, and the proceeds thereof were paid into the Treasury and distributed in the year 1865, in accordance with the decree of distribution of the district court.
The claimants did not present their accounts for said seryices to the said district court for allowance until the 18th of January, 1866, when, in each of the five cases, that court made an order such as the following, save that the amount was different in each case from that in any other:
“ The United States marshal admitting service of notice upon him of the presentation of the within account for costs and *213 expenses for weighing, made in the prize suit and incident to the sale or disposal of the prize property within specified, under the orders of the prize commissioners ; and the United States district attorney appearing before me, and it appearing to the court that the said suit is finally disposed of and a decree of distribution made, and the proceeds of the prize property have been remitted into the Treasury of the United States, on motion of E. 0. Benedict, of counsel for Root & Connell, it is ordered that the said claim be, and the same is hereby, adjusted and allowed, at the sum of four hundred and twenty-eight dollars and fifty-fire cents, to said Root & Connell; and, it appearing to the court that there is no money subject to the order of this court in this cause, the costs and expenses so allowed by the court are a charge upon, and payable out of, the fund for defraying the expenses of suits in which the United States is a party or interested, according to the provisions of the 14th section of the act1 To regulate prize-proceedings, and for other purposes,’ approved June 30, 1864.” (13 Stat. L., p. 311.)
The claimants, on the 23d of January, 1866, applied to the Secretary of the Interior for payment of the amounts allowed by said court, and payment thereof was refused by that officer, whereupon they brought this suit to recover from the United States the sums so allowed.
If there is jurisdiction here of such a claim, it must be under that clause of the act establishing this court which authorizes it to “ hear and determine all claims founded upon ny law of Congress;” and the law relied on to sustain the claim, as the basis of a judgment here, must be such as imposes a liability upon the United States. The claimants, in their petition, rest their case upon .the fourteenth section of the Act June 30, 1864, il To regulate prise proceedings, and for other purposes,” (13 Stat. L.,pp. 306, 311,) under which they claim thatthe defendants are liable to them for the payment of their claim.
The decree of the district court, allowing the claims, is conclusive as to the rendition of the services and their value; so that we have no inquiry'to make on those points. The sole question before us is whether the defendants are, under said act, liable to the claimants as alleged. In determining this question, we find that a portion of the ninth section of the act, as well as the fourteenth section, bears upon it.
*214 The two provisions are as follows:
‘‘§ 9. *■ * * The court shall make a decree of distribution, determining what vessels are entitled to share in the prize ; * * * and said decree shall recite the amount of the gross proceeds of the prize subject to the order of the court, and the amount deducted therefrom for costs and expenses, and the amount remaining for distribution, and whether the whole of such residue is to go to the captors, or one-half to the captors and one-half to the United States.”
“ § 14. That all costs and all expenses incident to the bringing in, custody, preservation, insurance, sale, or other disposal of prize property, when allowed by the court, shall be a charge upon the same, and be paid therefrom, unless the court shall decree restitution free from such charge. No payments shall be paid from any prize fund except upon the order of the court. * * * The court may at any time order the payment, from the deposit made with the assistant treasurer, in the cause, of any costs or charges accrued and allowed. When the cost is finally disposed of, the court shall make its order or orders on the assistant treasurer to pay the costs and charges allowed and unpaid; and in case the final decree shall be for restitution, or in case there shall be no money subject to the order of the court in the cause, any costs or charges allowed by the court and not paid by the claimants shall be a charge upon,, and be paid out of, the fund for defraying the expenses of suits in which the United States is a party or interested.”
After a careful consideration of these provisions we are unable to see how they impose any liability upon the Government for the services rendered by the claimants. On the contrary, it seems to us plain that they have the opposite effect.
1. In the first place, the fourteenth section expressly declares that such expenses, when allowed by the court, shall be a charge upon the prize property, and be paid therefrom, unless the court shall decree restitution free from such charge. This alone would seem to preclude judgment here for the demand of the claimants; for such a judgment would have to be paid, not out of the proceeds of the prize property, but out of the general Treasury, where no part of the prize fund, in any of the cases, now remains. When the law provides a fund out of which payment of a claim shall be made, it, in effect, excludes any other way of obtaining payment. It is a clear case for the application of the *215 familiar maxim, “ expressio unius est exehisio alterius.” That the statute designated the fund out of which the claimants should be paid they were bound to know.
2. The act not only designates the fund, but the way in which the expenses should be paid out of it, namely, by the allowance of district court, followed by an order of payment out of the fund. This order might be made at any time while the fund was still under the control of the court, but not afterward; for the fourteenth section requires the court to make its orders of payment of all expenses then remaining unpaid, at the time when the cause is finally disposed of; and the ninth section requires that the decree of distribution shall recite the amount of the gross proceeds of the prize, and the amount deducted therefrom for costs and expenses, and the amount remaining for distribution. All this the claimants were bound to know; and it was gross laches in them not to have taken the course .indicated by the law to obtain payment of their claim out of the fund from which they might have been paid without question. They cannot thus sleep on their rights at the expense of the Government.
It is, however, claimed that the above-stated order of the district court establishes the fact that there was u no money subject to the order of the court in the cause,” and that therefore the claimants are entitled to payment out of the fund for defraying the expenses of suits in which the United States-is a party or interested. Had that court j udicially declared that there had been no money subject to the order of the court in the cause,there might be some ground for this position; but it merely declared that, at the time of making that order, to wit, the 18th of January, 1866, there was no such money. The language of the fourteenth section seems clearly to make the expenses of a prize suit a charge upon the fund for defraying expenses of suits in which the United .States is a party only when, at the final disposition of the prize cause, there is no money under the control of the court with which to pay the expenses of that cause. The causes in which these expenses accrued were finally disposed of when the decree of distribution was made in each. Then was the time when the court should have found and declared that there was no money subject to its order in the cause, out of which these expenses could be paid. To find that fact as to a day long after the money had passed out of the control of the court and been distributed under its decree, does not *216 make tbe case in winch the expenses become a charge upon the public Treasury.
The petition of the claimants must be dismissed.